**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT MEMPHIS**

| | | |
|---|---|---|
| LINDA WILLIAMS, Deceased, | ) | **Docket No. 2021-08-0034** |
| by LAWRENCE WILLIAMS, | ) | |
| Surviving Spouse, | ) | |
| | ) | **State File No. 115680-2020** |
| v. | ) | |
| METHODIST LEBONHEUR | ) | |
| HEALTHCARE, | ) | **Judge Deana Seymour** |
| Employer. | ) | |

---

## COMPENSATION ORDER

---

This is a death claim. The Court held a Compensation Hearing on January 24, 2022, where the only issue was the maximum total death benefit due Lawrence Williams, Linda Williams's surviving spouse. Methodist contended the maximum total benefit was limited to 450 weeks times Ms. Williams's weekly compensation rate. For the reasons below, the Court holds Mr. Williams is entitled to a maximum total benefit of $447,300.00.

### History

Ms. Williams died from COVID-19 that she contracted at Methodist. Methodist accepted the claim and negotiated a settlement directly with Mr. Williams. The Court declined to approve the settlement because it did not provide Mr. Williams the maximum total benefit for death cases. Methodist then filed a Petition for Benefit Determination, and the case proceeded to this Compensation Hearing.

The parties stipulated that Ms. Williams's average weekly wage was $616.40 and based on that wage, the compensation rate was $410.93. They also agreed Mr. Williams, as the sole dependent and surviving spouse, was entitled to weekly death benefits of $308.20, or fifty percent of the average weekly wage. *See* Tenn. Code Ann. § 50-6-210(e)(1) (2021).

The only issue was whether Methodist correctly calculated the maximum total benefit payable to Mr. Williams as 450 weeks times Ms. Williams's weekly compensation rate of $410.93, or $184,918.50, as opposed to whether the maximum total benefit was 450 weeks times the state's average weekly wage of $994.00 per week, or $447,300.

In declining to approve the settlement agreement, the Court concluded that the correct maximum total benefit was $447,300. *See* Tenn. Code Ann. §§ 50-6-102(15)(D) and 50-6-209(b)(3); *Reynolds v. Free Serv. Tire Co.*, No. E2014-02233-SC-R3-WC, 2015 Tenn. LEXIS 734 (Tenn. Workers' Comp. Panel Sept. 16, 2015). Methodist disagreed.

Methodist argued the logic of *Reynolds* was incorrect. In *Reynolds*, the Panel found the Legislature amended the definition of "maximum total benefit" in 2009 to mean 400[1] weeks times the state average weekly wage, "detaching" the employee's earnings from the maximum benefit and making that benefit an "across the board" figure. *Id.* at *8. Methodist said that analysis "ignored" the provisions of Tennessee Code Annotated section 50-6-209(b)(1) governing the "maximum compensation" payable in death cases. Instead, Methodist contended section 209(b)(1) provides that death benefits of sixty-six and two thirds of the employee's average weekly wages shall be paid to dependents "subject to the maximum weekly benefit."

In Methodist's view, a "specific construction" of section 209 "clearly attaches" the death benefits to the earnings of the deceased worker, subject to the maximum weekly benefit. Also, because "maximum weekly benefit" is now defined in section 102(16)(A)(x)[2] as two-thirds of the employee's average weekly wage "up to 100%" of the state's average weekly wage, that section also ties the maximum benefit to actual wages rather than the maximum state wage.

Methodist further argued that *Reynolds* was designated "MAY NOT BE CITED," and that under Tennessee Supreme Court Rules 4(E), opinions so designated may not be cited by any court or litigant except in very limited circumstances not applicable here. Methodist pointed to a distinction in Rule 4 as to cases merely marked "unpublished," noting those might be considered "persuasive" authority.

**Findings of Fact and Conclusions of Law**

When construing any statute, the Court must "ascertain and give effect to the intention or purpose of the legislature as expressed in the statute." *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007). Unless the language is ambiguous, the Court must derive legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id*.

Section 209(b)(3) provides that death benefits "shall not exceed the maximum total benefit[.]" Maximum total benefit is defined in section 102(D) as 450 weeks times the state

---

[1] The section was amended to read 450 weeks in 2013, consistent with the value now given the body as a whole.

[2] The correct section governing injuries after "July 1, 2015" is codified at section 102(16)(A)(xi) and provides the maximum weekly benefit is 110% of the state's average weekly wage.

average weekly wage, which for Ms. Williams's date of injury was $994 per week. The definition now is the same as when the Panel decided *Reynolds,* and the Court finds that logic persuasive here.

Contrary to Methodist's argument, the Panel did not designate *Reynolds* as "Not for Citation." Rather, the Panel included this language: "THIS OPINION IS DESIGNATED AS NOT FOR PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY TENN. S. CT. RULE 4." Under Supreme Court Rule 4(G)(1), the Court might consider unreported decisions as persuasive authority. The Rule specifically states unpublished Panel decisions "shall likewise be considered persuasive authority."

For these reasons, the Court holds Mr. Williams is entitled to death benefits of $447,300, 450 weeks of benefits at the state's average weekly wage at the time of Ms. Williams death.

**IT IS THEREFORE ORDERED AS FOLLOWS**:

1. Methodist shall pay Mr. Williams death benefits at the stipulated rate of $308.20 per week until it pays the maximum total benefit of $447,300, or until Mr. Williams is no longer entitled to benefits.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Methodist, for which execution might issue as necessary. Methodist shall pay the filing fee to the Clerk within five business days of the order becoming final.

4. Methodist shall file Form SD-2, Statistical Data form, with the Clerk within ten business days of this order becoming final.

**ENTERED February 10, 2022.**

_____
**DEANA C. SEYMOUR, JUDGE**
**Court of Workers' Compensation Claims**

3

**EXHIBITS**

1. Petition for Benefit Determination
2. Joint Pre-Hearing Statement
3. Settlement documents
4. Dispute Certification Notice

**CERTIFICATE OF SERVICE**

I certify that a copy of this Compensation Order was sent on February 10, 2022.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|------|------|------|------|------|
| Lawrence Williams, Surviving Spouse | X | X | X | P. O. Box 40254, Memphis, TN 38174 **acoach51@gmail.com** |
| Kevin Washburn, Employer | | | X | **kwashburn@allensummers.com** |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____   ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*